# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEX MACHADO,

Plaintiff,

v.

KELLY HARRINGTON, et al.,

Defendants.

_________________________________/

1:10-cv-00434-AWI-GSA-PC

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED AS MOOT (Doc. 3.)

OBJECTIONS, IF ANY, DUE IN 30 DAYS

## I. RELEVANT PROCEDURAL HISTORY

Alex Machado ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint commencing this action on March 11, 2010, together with a motion for preliminary injunction. (Docs. 1, 3.)

## II. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An

injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order prohibiting officials at Corcoran State Prison from illegally confining him in administrative segregation. At the time Plaintiff filed the complaint for this action, he was in custody at Corcoran State Prison. However, according to Plaintiff's address of record at the Court, Plaintiff is no longer in custody at Corcoran State Prison and is now housed at Pelican Bay State Prison.[1] Because Plaintiff is no longer subjected to the conditions at Corcoran State Prison with regard to confinement in administrative segregation, his motion for a court order prohibiting such action is moot.

## III. RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed March 11, 2010, be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

[1]On April 5, 2010, Plaintiff filed a Notice of Change of Address, changing his address from Corcoran State Prison to Pelican Bay State Prison. (Doc. 6.)

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **December 16, 2010**

/s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE